UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KIARA KEMP**                                                          **CIVIL ACTION**

**VERSUS**                                                              **NO. 15-5739**

**WILHELMSEN SHIPS SERVICE, INC., ET AL.**              **SECTION "B"(5)**

ORDER AND REASONS

Before the Court is Defendant's, CWT Commodities (USA), LLC ("CWT"), "Motion for Summary Judgment" (Rec. Doc. 4), Plaintiff's, Kiara Kemp, opposition thereto (Rec. Doc. 6), and Defendant's corresponding reply (Rec. Doc. 10). Defendant seeks to have Plaintiff's claims against it dismissed with prejudice on the grounds that there is no genuine issue of material fact that CWT had no duty to the Plaintiff and, hence, no liability for the Plaintiff's action, so as to warrant summary judgment. For the reasons stated more fully herein, **IT IS ORDERED** that Defendant's Motion is **GRANTED**.

I.   CONTENTIONS OF PARTIES

Defendant argues that there is no genuine issue of material fact that it cannot be found liable for Plaintiff's injury. (Rec. Doc. 4-1 at 2). Specifically, Plaintiff was injured when she boarded the M/V UNITED TENORIO to inventory the cargo and a large bundle of rebar sprung free of its casing and violently struck her, due to its alleged negligent packaging, loading, storage, and transportation. (Rec. Doc. 6 at 1-2). Defendant maintains that, as

a freight forwarder, it cannot be held liable because CWT did not package, load, store, or transport the rebar; CWT was not the shipper of the rebar; CWT had no responsibility to supervise the loading of the rebar or inspect its stowage; CWT did not hire or have responsibility for the stevedors who loaded the rebar; CWT was not involved in or responsible for the preparation of a stowage or loading plan; CWT was not the owner of the rebar; neither CWT nor any of its employees ever had possession of the rebar; CWT was not the owner or charterer of the M/V UNITED TENORIO; and CWT did not have an office or any employees in New Orleans at the time of Plaintiff's injury. (Rec. Doc. 4-1 at 2) (citing Rec. Doc. 4-4). Defendant contends that, as a freight forwarder for the owner of the rebar, its only duty was to coordinate and facilitate getting the rebar from New Orleans to its ultimate destination. (Rec. Doc. 4-1 at 2-3).

Plaintiff argues that, based on information and belief, the rebar was negligently packaged, loaded, stored and/or transported. (Rec. Doc. 6 at 1) (citing Rec. Doc. 6-1 at 1). Further, Plaintiff argues that, according to the Bill of Lading, CWT was the Shipper, Forwarder, and Cosignee of the M/V UNITED TENORIO. (Rec. Doc. 6 at 3) (citing Rec. Doc. 6-1 at 1). In light of the foregoing, Plaintiff concludes that CWT must have been involved with the supervising and/or packaging, loading, storing, and/or

transporting of the rebar, so as to create a genuine issue of material fact. (Rec. Doc. 6 at 3). Plaintiff further avers that summary judgment should be denied as Plaintiff needs additional time to conduct discovery. (Rec. Doc. 6 at 3).

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate

the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616 (5th Cir. 1994). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

**III. DISCUSSION**

Defendant CWT has met its burden of demonstrating the absence of a genuine issue of material fact and Plaintiff has failed to rebut the same. Specifically, Defendant first cites law implying that freight forwarders are not typically liable in these types of incidents. (Rec. Doc. 4-1 at 2) (citing *Couch v. Cro-Marine*

4

*Transport*, 44 F. 3d 319 (5th Cir. 1995); *Kirksey v. Tonghai Maritime*, 535 F. 3d 388 (5th Cir. 1995)). Second, Defendant provides the affidavit of CWT's President, who verifies Defendant's lack of involvement in the incident. (Rec. Doc. 4-1 at 2) (citing Rec. Doc. 4-4). To rebut this, Plaintiff provides an alleged Bill of Lading which lists CWT as the Shipper, Forwarder, and Cosignee, and her own affidavit which simply restates what is listed on the Bill of Lading and maintains that the rebar was negligently packaged, loaded, stored and/or transported upon her information and belief. (Rec. Docs. 6-1, 6-2). In Plaintiff's opposition, she suggests that this establishes that Defendant CWT was involved in the negligent supervising and/or packaging, loading, storing, and/or transporting of the rebar. (Rec. Doc. 6 at 3). Not only does this Court find that Plaintiff's evidence fails to prove as much, or even a genuine issue of material fact, this Court also notes that Plaintiff's evidence is overwhelmingly improper. Plaintiff is not a knowledgeable affiant as required under Fed. R. Civ. P. 56(c)(4) for the testimony given and the alleged Bill of Lading is an unauthenticated and irrelevant internal document. At most, that document pertains to transport of the cargo from New Orleans to St. Louis after its offloading from the M/V UNITED TENORIO onto barges owned by Plaintiff's employer.

This Court does, however, take note of Plaintiff's argument regarding incomplete discovery as a reason to postpone a grant of summary judgment, mostly in light of this case only recently being removed to this Court, such that discovery has not yet taken place. (Rec. Doc. 1). Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Rule 56(d) motions are "broadly favored and should be liberally granted." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). However, the Rule 56(d) movant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.*

Though Rule 56(d) motions are "broadly favored" and "liberally granted[,]" *id.*, the Court finds such relief is not warranted here. Of particular import, Plaintiff has not actually filed a motion pursuant to Rule 56(d), but has merely suggested that "Louisiana Courts of Appeal have reversed summary judgments granted by the trial court when there was still discovery to be

6

conducted." (Rec. Doc. 6 at 3). The U. S. Fifth Circuit has recently declined to grant a Rule 56(d) motion when no such motion was actually filed. *See Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 238 (5th Cir. 2015) (declining to grant Appellant relief when he "never filed a Rule 56(d) motion in response to Appellees' motion for summary judgment, and [did] not identif[y] any discovery that he was unable to take"). Plaintiff's reference to Louisiana case authority is irrelevant in this instance and does not provide a basis for relief in this federal action.

Further, Plaintiff has not "set forth a plausible basis for" this Court to believe that there are "specified facts" that "probably exist" and "will influence the outcome of the pending summary judgment motion." *Raby*, 600 F.3d at 561. Rather, Plaintiff states that she "has not had time to conduct discovery to verify and/or dispute all of [D]efendants' involvement" and that she "needs an appropriate amount of time to issue discovery as well as depose the relevant individuals cited in [D]efendant's summary judgment." (Rec. Doc. 6 at 3). In addition to the aforementioned reasons, the Court finds that Defendant's motion must prevail in the absence of Plaintiff pointing to specific facts that she believes are discoverable and dispositive to this motion. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 257 (5th Cir. 2013) (denying Rule 56(d) motion when party "did not

7

articulate specifically what facts he needed to respond to the motion").

**IV. CONCLUSION**

In light of the foregoing, **IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana, this 20th day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE