UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIARA KEMP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5739** |
| **ABC INSURANCE COMPANY, INC., ET AL.** | **SECTION "B"(5)** |

**ORDER AND REASONS**

**I. NATURE OF MOTION AND RELIEF SOUGHT**

Before the court is Defendant Hyundai Steel Company's "Motion to Dismiss Based on Lack of Personal Jurisdiction" (Rec. Doc. 33), "Plaintiff's Memorandum in Opposition to Motion to Dismiss Based on Lack of Personal Jurisdiction" (Rec. Doc. 34) and "Reply Memorandum in Support of Motion to Dismiss Based on Lack of Personal Jurisdiction" (Rec. Doc. 38).

**IT IS ORDERED** that the Defendant's Motion is **DENIED**.

**II. FACTS AND PROCEDURAL HISTORY**

Hyundai Steel, a South Korean corporation with its principal place of business there, sells various steel products worldwide. (Rec. Docs. 1 and 33-1). It contracted to sell steel reinforcing bars (rebar) to Steelinvest Jersey Ltd, of London, England. (Rec. Doc. 33-1). Hyundai Steel packaged the rebar at its plant and an independent stevedoring company transported the goods to the port of loading in Pohang, South Korea. (Rec. Doc. 33-1). SK Shipping arranged for the goods to be stowed aboard its time chartered vessel, the M/V UNITED TENORIO. (Rec. Doc. 33-1). SK Shipping

1

selected the vessel's route from Pohang to New Orleans, Louisiana, where the rebar was to be discharged. (Rec. Doc. 33-1).

While the vessel was in New Orleans, Kiara Kemp boarded the M/V UNITED TENORIO to inventory cargo and became permanently injured when a large bundle of rebar sprung free from its casing. (Rec. Doc. 1-1). Kemp filed suit in Civil District Court for the Parish of Orleans. (Rec. Doc. 1-1). Defendants then removed the action on the basis of diversity of citizenship under 28 U.S.C. §1332. (Rec. Doc. 1). Following removal, Kemp filed an Amended Complaint naming Hyundai Steel as an additional defendant. (Rec. Doc. 15). Hyundai now moves to dismiss the claim for lack of personal jurisdiction. (Rec. Doc. 33).

### III. FACTUAL AND LEGAL FINDINGS

When resolving a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff must establish the court's jurisdiction over the defendant. *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence and a prima facie showing suffices. *Id.* The court must accept the plaintiff's uncontroverted allegations and resolve all conflicts between the facts contained in the parties' affidavits and other documentation in favor of jurisdiction. *Id.*

A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident

defendant. *Pervasive Software Inc. v. Lexware GmbH & Co. Kg*, 688 F.3d 214, 220 (5th Cir. 2012). First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment. *Id.* The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits. *Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir. 2010). Thus, the inquiry is whether jurisdiction comports with federal constitutional guarantees. *Id.*

This has been interpreted to mean that no federal court may assume jurisdiction *in personam* of a non-resident defendant unless the defendant has certain "minimum contacts" with the forum state as to "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Sufficient minimum contacts will give rise to either specific "case-linked" jurisdiction or general, "all-purpose" jurisdiction. *Goodyear*, 131 S. Ct. at 2851.

A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant. First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment. *Mink v. AAAA Dev. LLC, 190 F.3d 333, 335 (5th Cir.1999)*. Since the Louisiana long-arm statute extends to

3

the limits of federal due process, the inquiry collapses into a one-step due process analysis. *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 652 (5th Cir.2002).

### A. GENERAL PERSONAL JURISDICTION

A court may exercise general personal jurisdiction over a defendant consistent with due process when its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler*, 134 S. Ct. at 761. General jurisdiction permits the cause of action to be unrelated to the defendant's extensive contacts within the forum. *Id.* at 754. The Supreme Court has articulated a "limited set of affiliations with a forum [that] will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760. For an individual, it is his or her domicile; for a corporation, the paradigmatic exemplars are where it is incorporated or has its principal place of business. *Goodyear,* 131 S. Ct. at 2853-2854. Hyundai Steel cannot be regarded as "at home" in Louisiana because Louisiana is not its place of incorporation nor its principal place of business. (Rec. Doc. 33-1). Thus, Hyundai Steel is not subject to the court's general personal jurisdiction.

### B. SPECIFIC PERSONAL JURISDICTION

Courts may exercise specific jurisdiction over a defendant when the cause of action arises out of or is related to the defendant's contacts within the forum. *Helicopteros Nacionales de*

4

*Colombia, S.A. v. Hall*, 468 U.S. 408, 414 (1984). The Fifth Circuit has formulated a three-step inquiry to evaluate whether a defendant has sufficient minimum contacts so that a court may exercise personal jurisdiction: (1) whether the defendant purposely directed its activities to the forum state or purposely availed itself of the privileges of conducting business there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Nuovo Pignone v. STORMAN ASIA M/V¸* 310 F.3d 374, 378 (5th Cir. 2002)(citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

The court may assess whether Hyundai Steel's contacts constitute purposeful availment under a "stream of commerce" theory when goods made by a foreign manufacturer cause harm in the forum. *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 881-882 (2011); *Ainsworth v. Moffett Eng'g, Ltd.,* 716 F.3d 174, 177 (5th Cir. 2013). Under the Fifth Circuit's stream of commerce framework, "mere foreseeability or awareness [that a product would enter the forum state is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Ainsworth,* 716 F.3d at 177. However, "the defendant's contacts must be more than 'random, fortuitous, or attenuated, or of the unilateral

activity of another party or third person' " *ITL Int'l Inc., v. Constencia, S.A.*, 669 F.3d 493, 499 (5th Cir. 2012).

In *Cooper v. Faith Shipping*, the court found personal jurisdiction to exist over a Brazilian seller who had contracted to ship spools of twine to a distributer in Louisiana. Case No. 06-0892, 2009 U.S. Dist. LEXIS 124303, at*8-9(E.D. La. 2009). The ship encountered heavy seas causing much of the cargo to shift. *Id.* at 3-4*. During unloading, five pallets of twine fell on a stevedore and he was rendered paraplegic. *Id.* The court held the Brazilian seller was within the jurisdiction of the court because it purposefully directed its shipment of twine to Louisiana and the Plaintiff's claim arouse from that contact. *Id.* at 8-9.

Defendant argues that it did not select Louisiana as a destination (Rec Doc. 33-2). Consequently, Defendant contends that under these circumstances it would be inappropriate to find sufficient contacts with the forum. However, in *Nuovo Pignone v. Storman Asia M/V* the Fifth Circuit held contractual terms, such as the point of destination, provide indicators that a defendant's contact with the forum may be subject to a suit there. 310 F.3d at 380-381. Such a relationship with the forum is not severed by the use of subcontractors for shipping. *Id.* Here, the contract between Hyundai Steel and its buyer included the price as "CFR FO HOUSTON/NOLA, USA (INCOTERMS 2010) - Berth at Louisiana Avenue (Direct to barge)." (Rec. Doc. 33-2). The Defendant was aware that

6

its steel reinforcing bars would have contacts with the forum in question. Hyundai Steel cannot now claim that is contact with Louisiana was merely fortuitous, random, or attenuated after it entered into a contract specifying Louisiana as the point of destination. Defendant's argument that risk and title passed from seller to buyer and therefore further attenuated its contact with the forum is unpersuasive to this Court. Under the stream of commerce analysis a voluntary member of an economic chain that brought a product to Louisiana still may be considered to have purposely "availed itself of the privilege of conducting business in that state." *Nuovo Pignone*, 310 F.3d at 380.

Once these constitutionally minimum contacts are established, the defendant has the burden to make a "compelling case" that jurisdiction is not reasonable and fair. *Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208,* 215 *(5th Cir. 1999).* Here, Defendant has made no showing why exercising personal specific jurisdiction would be unfair or unreasonable given their connection to Louisiana. At this stage in the litigation this Court must consider "uncontroverted allegations, and resolve in [its] favor all conflicts between the facts contained in the parties' affidavits and other documentation" when evaluating whether the Plaintiff has made a prima facie showing that exercising jurisdiction is constitutionally permissible. *Nuovo Pignone,* 310 F.3d at 378.

Based on the facts of the complaint the Plaintiff can successfully establish that personal jurisdiction is present because (1) the Defendant purposefully directed the shipment of the reinforced steel bars to Louisiana through the stream of commerce and its awareness of the destination of its product; (2) the Plaintiff's claim arises out of that contact with Louisiana; and (3) the exercise of jurisdiction is not unfair or unreasonable. *Nuovo Pignone,* 310 F.3d at 378.

New Orleans, Louisiana, this 24th day of May, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE